UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BEST,<br><br>        Plaintiff,<br><br>    v.<br><br>CENTRAL TRANSPORT INTERNATIONAL, INC.; CENTRAL TRANSPORT LLC,<br><br>        Defendants. | No. 2:16-cv-01023-KJM-KJN<br><br>ORDER |

On April 7, 2016, plaintiff Michael Best filed a complaint in Sacramento County California Superior Court. Ex. A-Pl.'s Compl. (Compl.), ECF No. 1. On May 13, 2016, defendants Central Transport International, Inc. and Central Transport LLC (collectively, Defendants) removed the state action to this court. ECF No. 1. On June 3, 2016, Defendants filed a motion to dismiss Plaintiff's complaint. Defs.' Mot. to Dismiss (Defs.' Mot.), ECF No. 6-1. On August 19, 2016, Plaintiff filed his opposition to Defendants' motion. Pl.'s Opp'n to Defs.' Mot to Dismiss (Pl.'s Opp'n), ECF No. 20. Defendants filed a reply to Plaintiff's opposition on August 23, 2016. Defs.' Reply, ECF No. 22. The court held a hearing on September 9, 2016 where Lawrence Freiman appeared for plaintiff and John Whitesides appeared for defendants.

1

## I. ALLEGATIONS

Plaintiff is a resident of California. Compl. ¶ 1. Defendant Central Transport International is incorporated in Michigan. *Id.* ¶ 2. Plaintiff alleges Defendants "discriminated/retaliated against" him "on the basis of action/perceived medical condition/disability." *Id.* ¶ 7. Plaintiff also alleges Defendants generally failed to pay him wages and overtime for hours worked. *Id.* ¶¶ 10–15. Plaintiff alleges he received a "Right to Sue letter from the California Department of Fair Housing and Employment and has thus exhausted all necessary administrative remedies." *Id.* ¶ 16. Plaintiff further alleges that as a result of Defendants' conduct he has "suffered and continues to suffer" various losses and emotional distress. *See, e.g.*, *id.* ¶¶ 19–20. Plaintiff alleges no other facts.

Plaintiff advances the following eighteen claims:

(1) Discrimination in Violation of the California Fair Employment and Housing Act (FEHA); (2) Failure to Prevent Discrimination in Violation of FEHA; (3) Failure to Engage in a Timely Good Faith Interactive Process in Violation of FEHA; (4) Failure to Provide Reasonable Accommodation in Violation of FEHA; (5) Retaliation in Violation of FEHA; (6) Violation of the California Family Rights Act (CFRA); (7) Failure to Pay overtime Compensation (Cal. Lab. Code §§ 510, 1194.2, 1197, 1198); (8) Failure to Pay Minimum Wage and Wages for All Hours Worked (Cal. Lab. Code §§ 1194, 1197, 1197.2, 1198, 221, 222, 223); (9) Failure to Pay Timely Earned Wages (Cal. Lab. Code § 204); (10) Failure to Pay Timely Earned Wages upon Separation of Employment (Cal. Lab. Code §§ 201, 203); (11) Failure to Provide Accurate Wage Statements in Violation of Cal. Lab. Code § 226; (12) Unfair Competition (Cal. B&P Code § 17200 et seq.); (13) Wrongful Termination/Constructive Discharge in Violation of Public Policy; (14) Retaliation in Violation of Labor Code § 1102.5; (15) Violation of Family and Medical Leave Act; (16) Failure to Pay Minimum Wage in Violation of the Fair Labor Standards Act; (17) Failure to Pay Overtime in Violation of the Fair Labor Standards Act; and (18) Retaliation in Violation of the Fair Labor Standards Act.

*Id.* at 1.

## II. PROCEDURAL BACKGROUND

On April 7, 2016, Plaintiff filed his complaint in Sacramento County Superior Court. On May 13, 2016, Defendants removed the state action to this court. ECF No. 1. On June 3, 2016, Defendants filed the pending motion to dismiss Plaintiff's complaint under Federal

2

Rule of Civil Procedure (Rule) 12(b)(6) for failing to "state a legally cognizable claim against anyone for anything." Defs.' Mot. 2. Defendants alternatively move for a more definite statement under Rule 12(e). *Id.* at 1. On August 19, 2016, Plaintiff's opposition to Defendants' motion argues the complaint represents a short and plain statement of the claim and meets the federal pleading standard. *See* Pl.'s Opp'n 4–5. Defendants' reply reiterates the arguments in their motion to dismiss. *See generally* Defs.' Reply.

III.    LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes these factual allegations are true and draws reasonable inferences from them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of a cause's elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Evaluation under Rule 12(b)(6) is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679.

IV.    DISCUSSION

Defendants argue Plaintiff's complaint "consists of 99% legal conclusions and a few ancillary facts" and does not meet the standards set forth by the Supreme Court in *Twombly* and *Iqbal*. Defs.' Mot. 2. Plaintiff responds that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." Pl.'s Opp'n 2 (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

/////

/////

Though it can be inferred from his claims, Plaintiff never alleges he was employed by Defendants. Plaintiff's pleadings also are insufficient to state a cognizable claim for the following reasons:

(1) Plaintiff's first, second, third, fourth, and fifth claims state in a conclusory manner that Defendants discriminated and/or retaliated against him, *see, e.g.*, Compl. ¶ 7, but Plaintiff offers no facts explaining how or when this occurred.

(2) Plaintiff's sixth, fourteenth, fifteenth, and eighteenth claims allege Defendants' actions constitute interference, restraint, discrimination, and/or retaliation, but the referenced actions remain a mystery.

(3) Plaintiff's seventh, eighth, ninth, tenth, sixteenth, and seventeenth claims allege Defendants failed to pay him wages, minimum wage, and/or overtime, but he fails to assert any facts that would indicate that he is entitled to additional wages and overtime.

(4) Plaintiff's eleventh claim alleges Defendants did not provide him with accurate wage statements, Compl. ¶ 63, but Plaintiff does not explain how he was harmed by this alleged violation.

(5) Plaintiff's twelfth claim states that Defendants failed to compensate Plaintiff "for missed meal and rest periods," Compl. ¶ 66, but Plaintiff does not assert that he missed any meals or rest periods in a manner that would entitle him to relief.

(6) Plaintiff's thirteenth claim alleges he was wrongfully terminated, but he offers no facts explaining the circumstances of his termination.

Therefore, Plaintiff has failed to meet his "burden of pleading sufficient factual matter [that if] accepted as true [would] 'state a claim to relief that is plausible on its face.' " *Mujica v. AirScan Inc.*, 771 F.3d 580, 592 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied sub nom. Mujica v. Occidental Petroleum Corp.*, 136 S. Ct. 690 (2015).

V.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED with leave to amend within 14 days of the filing of this order because Defendants have not shown that

/////

4

1 amendment would be futile.  *See Arizona Students' Ass'n v. Arizona Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016).

IT IS SO ORDERED.

DATED: October 5, 2016.

_____
UNITED STATES DISTRICT JUDGE